## SCHUTZ'S PETITION.

It is not necessary that two of the five years' residence required by section 2167 of the United States Revised Statutes in the case of a minor alien, should occur after the applicant for naturalization has reached the age of twenty-one years.

PETITION FOR NATURALIZATION.   The applicant was born a German subject June 24, 1865, and came to this state when five years of age, where he has ever since resided.   He made oath to his application October 29, 1886, having never filed any previous declaration of intention to become a citizen.   For the past eight years it has been his intention to become a citizen of the United States.   The question was reserved whether he is entitled to be naturalized before arriving at the age of twenty-three years.

ALLEN J.   By the general law of the United States (Act of Congress, April 14, 1802, U. S. Rev. Sts., *s.* 2165), it is provided that an alien may be admitted to become a citizen of the United States, having first declared on oath before a United States court, or a court of record of any state having a common law jurisdiction, two years at least prior to his admission, that it is *bona fide* his intention to become a citizen, and to renounce forever all foreign allegiance.   In two years after making such declaration, and after a residence of five years in the country and of one year in the state where the court is held, he may be admitted to citizenship.

Section 2167 of the Revised Statutes is,—" Any alien, being under

the age of twenty-one years, who has resided in the United States three years next preceding his arriving at that age, and who has continued to reside therein to the time he may make application to be admitted a citizen thereof, may, after he arrives at the age of twenty-one years, and after he has resided five years within the United States, including the three years of his minority, be admitted a citizen of the United States, without having made the declaration required in the first condition of section twenty-one hundred and sixty-five: but such alien shall make the declaration required therein at the time of his admission; and shall further declare, on oath, and prove to the satisfaction of the court, that for two years next preceding it has been his *bona fide* intention to become a citizen of the United States, and he shall in all other respects comply with the laws in regard to naturalization."

To enable an alien to become a citizen under the provisions of this section, it is necessary that at the time of his application and admission he shall be twenty-one years of age; that he has resided in the United States five years, of which three years must have been the last years of his minority; and he must satisfy the court of his intention in good faith during the preceding two years to become a citizen. The other conditions existing, it may be done any day after the applicant arrives at the age of twenty-one years without his having made the previous declaration. 2 Kent Com. *65. A construction of the statute that would make a residence of two years after he arrives at the age of twenty-one necessary would be in conflict with the language of the section, which provides that he may be admitted to citizenship "after he arrives at the age of twenty-one years." The condition of a five years previous residence, including three years of minority, is met if the whole five years is during minority and immediately precedes the arrival at majority. If there has not been five years of continuous residence on reaching the age of twenty-one, the application cannot be entertained until that period shall have elapsed. In all cases where the applicant is of the age of twenty-one years or more, and has resided in the United States for a period of five years or more, continuously, of which three years at least were during his minority, he is entitled to be admitted a citizen on taking the required oaths, without having two years previously made and filed his declaration of intention to become a citizen.

Section 2167 was enacted in 1824, as an amendment of the general statute upon the subject, and was intended by congress as a benefit to a class of aliens, resident in the country as minors for three years or more, by enabling them to obtain the privileges of citizenship "on arriving at the age of twenty-one years" (the age at which native citizens very generally come to the enjoyment of civil privileges), if at that time there should have been a residence of five years. The legislative intention would be defeated if two of the five years must be after the applicant has arrived at his major-

ity.  He could as well make his declaration of intention under oath, and be admitted at the same time he would be without having made his previous declaration ; and upon such a construction the particular benefit intended would be lost, and the amendatory statute be without avail and unnecessary.

The petitioner being more than twenty-one years of age, and having resided continuously in the country for more than five years, of which more than three years was during his minority, and having resided in this state for more than one year immediately prior to the application, is entitled to be admitted a citizen of the United States.

*Petition granted.*

BINGHAM, J., did not sit: the others concurred.